UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:15-cr-208

        Plaintiff,

v.            MEMORANDUM OPINION
           AND ORDER

Kerwin McKinney,

        Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Kerwin McKinney, an inmate at Federal Correctional Complex – Terre Haute in Terre Haute, Indiana, seeks an order reducing his sentence to time served and immediately releasing him altogether or to supervised home confinement. (Doc. Nos. 25 & 28). The government opposes McKinney's request. (Doc. No. 26).

In June 2015, McKinney was indicted on one count of possessing a firearm after previously having been convicted of a felony and one count of possessing ammunition after previously having been convicted of a felony, both in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). McKinney pled guilty to both counts charged. His sentence guideline range for each of these offenses was 84 to 105 months. After considering the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I sentenced McKinney to 90 months in prison for each count, to be served concurrently, and a supervised release term of three years. (Doc. No. 22). McKinney did not appeal.

On June 4, 2020, McKinney filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). He asserts he has Type II diabetes which increase his risk of serious illness or death if he

1

were to contract COVID-19 while in incarcerated in the Federal Bureau of Prisons ("BOP"). Currently, McKinney's release date is November 10, 2021, and, according to McKinney, he is scheduled to be eligible for placement in a half-way house in May 2021. Based upon his projected release date, it appears that McKinney has earned most, if not all, of his attainable good time, suggesting a positive institutional adjustment.

## II.     ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, --- F. App'x ---, No. 20-1579, 2020 WL 5117947, at *1 (6th Cir. Aug. 27, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also "must find that the defendant 'is not a danger to the safety of any other person or to the community.'" *Id.* (quoting USSG § 1B1.13(2) (citing 18 U.S.C. § 3142(g)); *see also United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("If these criteria are satisfied, the district court 'may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not

2

exceed the unserved portion of the original term of imprisonment).'" (quoting 18 U.S.C. § 3582(c)(1)(A)).

McKinney satisfied the exhaustion requirement by requesting compassionated release from the Warden of FCI Terre Haute, who denied the request by boilerplate form on June 22, 2020. (Doc. No. 28-1).

Turning to the merits of compassionate release, McKinney alleges that, due to the COVID-19 pandemic, his Type II diabetes qualifies as an "extraordinary and compelling" reason warranting release from custody.

The CDC has advised that individuals with Type II diabetes who contract COVID-19 are at increased risk of severe illness.[1] District courts within this Circuit have considered these CDC-identified increased-risk conditions as "extraordinary and compelling" reasons warranting early release during the COVID-19 pandemic. *See, e.g.*, *United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at 2, n.20 (N.D. Ohio Sept. 17, 2020); *United States v. Wren*, No. 10-cr-20137, 2020 WL 5087978, at *4 (E.D. Mich. Aug. 28, 2020); *United States v. Goodwin*, No. 2:13-CR-00037-11-JRG, 2020 WL 4432697, at *2-*3 (E.D. Tenn. July 31, 2020). In fact, in the Eastern District of Michigan, even the government has acknowledged that the "'heightened risk from Covid-19 based on [ ] Type II Diabetes Mellitus qualifies as an "extraordinary and compelling reason [ ]" for release under § 1B1.13(1)(A) & cmt. n.1(A).'" *United States v. Mitchell*, No. 4:13-cr-20468, -- F. Supp. 3d --, 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (quoting the government's brief).

---

[1] People with Certain Medical Conditions, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#diabetes (last updated Sept. 11, 2020).

Considering the increased risk of severe illness and that FCI Terre Haute currently has forty-four active inmate COVID-19 cases – a 5% infection rate,[2] I find "extraordinary and compelling reasons" exist to warrant a reduction of his sentence. Even so, the government argues McKinney should not be released because he is a danger to the community and poses a high rate of recidivism if released. (Doc. No. 26 at 7).

Although I agree McKinney's lengthy criminal history is concerning, he has never been convicted of a crime of violence per se. Even so, the nature and circumstances underlying the current offenses are certainly serious, as they involve not only the unlawful possession of a high capacity firearm, but also acquiring that firearm using illegal means. But McKinney has made efforts to better himself while completing 80% of his prison sentence for these offenses. He has earned his GED and represented that he also completed "a couple of positive programs" that will assist him in gaining employment on release. (Doc. Nos. 25, 25-1, 25-2, & 28). McKinney also stated that he is participating in the Residential Drug Abuse Program ("RDAP"). (*Id.*). Finally, McKinney is eligible for placement in a halfway house in only eight months.

In light of his progress while in prison, minimal time remaining on his sentence, and non-violent nature of his criminal history, I find McKinney is not currently a danger to the community and that the § 3553(a) factors weigh in favor of a reduction of sentence to time served. But in weighing those factors, I find it appropriate to "impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home." *United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). Specifically, as a condition of supervised release, McKinney shall be placed in home confinement

---

[2] COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 22, 2020); FCI Terre Haute, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/tha/ (last visited Sept. 22, 2020) (FCI Terre Haute currently has 880 inmates).

through May 10, 2021 and be subject to GPS monitoring through November 10, 2021. After this time, McKinney will be placed on supervised release for three years as contemplated by his original sentence.

### III.   CONCLUSION

For these reasons, I grant McKinney's motion for compassionate release. (Doc. Nos. 25 & 28). The Bureau of Prisons is to take measures, including a 14-day pre-transfer quarantine, to ensure McKinney is COVID-19-free prior to his release. Following that time, McKinney shall be released from custody and serve his supervised release under the conditions described above.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
